Homer B. Ramsey, Esq. (042661997)
Michael B. Gallub, Esq. (*pro hac vice* to be filed)
**HERZFELD & RUBIN, LLC**
354 Eisenhower Parkway
Livingston, NJ  07039
T: (973) 535-8840
F: (973) 535-8841
hramsey@herzfeld-rubin.com
mgallub@herzfeld-rubin.com
*Attorneys for Defendant*
*Volkswagen Group of America, Inc.*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| HERNAN A. GONZALEZ, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation, d/b/a AUDI OF AMERICA, INC., AUDI AG, a German corporation, and VOLKSWAGEN AG, a German corporation,<br><br>Defendants. | Civil Action No.: 3:21-cv-15026<br><br>**NOTICE OF REMOVAL**<br>(electronically filed)<br><br>[Previously pending in the Superior Court of New Jersey, Law Division, Mercer County, Docket No.: L-1632-21] |

**TO: The Judges of the United States District
Court for the District of New Jersey**

    **PLEASE TAKE NOTICE THAT** Defendant Volkswagen Group of

America, Inc. ("VWGoA" or "Defendant"), by and through its counsel, Herzfeld &

Rubin, LLC, hereby gives notice of removal of this civil action from the Superior Court of New Jersey, Law Division, Mercer County, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§1332(a) and (d) and 1441(a) and (b), and in support of that request states as follows:

1.     This civil action was filed on August 5, 2021 in the Superior Court of the State of New Jersey, Mercer County, Law Division, under Docket No. L-001632-21.  A copy of the Class Action Complaint ("Gonzalez Complaint") is attached as Exhibit A.

2.     The Gonzalez Complaint alleges that (a) the named Plaintiff, Hernan Gonzalez, is a New Jersey resident, (b) Defendant VWGoA is a New Jersey corporation having its principal place of business in Herndon, Virginia, (c) Defendant Audi AG is a German corporation having its principal place of business in Ingolstadt, Germany, and (d) Defendant Volkswagen AG is a German corporation having its principal place of business in Wolfsburg, Germany.  *See* Gonzalez Complaint at ¶¶ 19, 29, 33, 35.

3.     At present, none of the Defendants have been served with process. Thus, the time within which to respond to the Gonzalez Complaint has not expired (or even commenced).  In addition, VWGoA may file this Notice of Removal prior to service of the Gonzalez Complaint.  *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018), *reh'g denied* (Sept. 17, 2018).

4.     As shown below, this action is virtually identical to a pending putative nationwide class action that was commenced in this Court by the same counsel, against the same Defendants named in this action.  *See Jeni Rieger v. Volkswagen Group of America, Inc., et al.*, Civil Action No. 21-cv-10546 (NLH)(MJS) ("*Rieger*").  *Rieger* asserts essentially the same allegations and claims on behalf, *inter alia*, of a putative nationwide class of all purchasers and lessees in the United States of the exact same putative class vehicles involved in this action.  The only real difference is that counsel apparently strategically decided to exclude Mr. Gonzalez, their "New Jersey" Plaintiff, from the *Rieger* class action in an attempt to have duplicative actions pending in federal and state court, even though Mr. Gonzalez, his subject vehicle, and the putative class he seeks to represent in this action, are all part of the nationwide putative class alleged in *Rieger*.

5.     *Rieger* was filed in this Court on April 30, 2021.  As in this action, the named Defendants are VWGoA, Audi AG and Volkswagen AG.  The Complaint originally had one California Plaintiff (Jeni Rieger), but counsel has since amended the *Rieger* Complaint twice to, *inter alia*, add eleven (11) new named Plaintiffs residing in Florida, Georgia, Illinois, Tennessee, Minnesota, Nevada, Pennsylvania, Texas, and Washington.  *See Rieger* Second Amended Complaint dated July 26, 2021 (21-cv-10546, Dkt. No. 36), a copy of which is annexed as Exhibit B (the "*Rieger* SAC").

6.     The *Rieger* SAC asserts 31 Counts of behalf of the twelve (12) named Plaintiffs, individually and as proposed representatives of a putative nationwide class of "[a]ll individuals in the United States who purchased or leased any 2012-2017 Audi vehicle equipped with the 2.0 liter turbocharged engines."  *Rieger* SAC at ¶ 273.  The putative class vehicles are alleged to include the following model year 2012-2017 Audi vehicles sold or leased in the United States:  Audi TT, A3, A4, A5, A6, Q3, and Q5.  *Id.* at ¶ 1.  In addition to the putative nationwide class, the *Rieger* SAC also alleges sub-classes of purchasers/lessees of those vehicles from the various states in which the named Plaintiffs purchased or leased their vehicles.  *Id.* at ¶ 273.

7.     The *Rieger* nationwide class action alleges that all of the putative class vehicles in the United States contain what Plaintiffs characterize as a "Piston Defect" in which, they allege, the pistons/piston heads do not seat properly in the pistons, allegedly resulting in excessive oil consumption, fracture/splintering of the pistons, and damage the vehicles' engines.  *Id*. at ¶¶ 6-15.  Plaintiffs claim the alleged defect was misrepresented and concealed from the public, and assert myriad claims sounding in breach of express warranty, breach of implied warranty, common law fraud and alleged violation of various consumer fraud statutes of the states in which the named Plaintiffs purchased their vehicles.  The *Rieger* SAC also seeks various types of damages and/or other relief including compensatory damages, exemplary/punitive damages, treble damages, and statutory damages, costs of

repairing or replacing class vehicles' engines, disgorgement of profits or restitution, and attorneys' fees.

8.     Pursuant to a Stipulation approved by the Court, VWGoA's response to the *Rieger* SAC is due September 17, 2021, and if VWGoA files a Motion to Dismiss, there is a briefing schedule for the opposition and reply.  *See Rieger*, Dkt. No. 17.

9.     This action is virtually identical to *Rieger*, except for the fact it involves a "New Jersey" named Plaintiff[1] excluded from *Rieger* in an effort to prosecute a duplicative class action in the state court on behalf of a putative class of "[a]ll individuals in New Jersey who purchased or leased any 2012-2017 Audi vehicle equipped with the 2.0-liter turbocharged engines ("Class Vehicles)."  These are the same putative class model vehicles alleged in *Rieger*: model year 2012-2017 Audi TT, A3, A4, A5, A6, Q3, and Q5.  *See* Gonzalez Complaint at ¶¶ 1, 149.  Thus, the entire putative class alleged in this action, including the Plaintiff himself, is already a part of the putative nationwide class in *Rieger*.  In addition, the Gonzalez Complaint asserts almost identical underlying defect, fraud and breach of warranty allegations as *Rieger*, albeit under the New Jersey Consumer Fraud Act (NJCFA)

---

[1] Counsel could either have included Mr. Gonzalez in the *Rieger* SAC, or sought to have him joined in the *Rieger* class action thereafter.  They chose, instead, to improperly file this separate duplicative state court action.

and the Truth in Consumer Contract Warranty and Notice Act (TCCWNA), which counsel chose not to specifically include in *Rieger* for reasons that are now apparent.[2]  *Id*. at ¶¶ 156-258.  Finally, the Gonzalez Complaint seeks essentially the same individual and class-wide damages and relief as the *Rieger* SAC.

10.    The Gonzalez Complaint acknowledges *Rieger* in its Rule 4:5-1 "Certification of No Other Actions," stating that it "asserts claims for the same defect in the same vehicles against the same defendant[sic.]" as are asserted in *Rieger*. Gonzalez Complaint at p. 89.  However, Plaintiff does not state that *Rieger* is a putative nationwide class action, and he tries to differentiate *Rieger* as not containing a New Jersey Plaintiff or New Jersey state law claims, even though he and his vehicle are part of the putative nationwide class in *Rieger*, and his claims as a class member would be governed by New Jersey law.

11.    Defendant VWGoA respectfully removes this action to this Court and maintains that subject matter jurisdiction exists under two alternative bases, either of which would suffice for removal herein: (a) 28 U.S.C. §1332(a), and (b) the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d).

_____

[2] In fact, the Prayer for Relief in this action includes the "*Rieger*" demand that Defendants be compelled "to comply with the various provisions of the [California] Song-Beverly Act alleged herein" (Gonzalez Complaint at p. 87), notwithstanding that Gonzalez, a New Jersey resident, did not plead a California Song-Beverly Act claim.

## SUBJECT MATTER JURISDICTION EXISTS UNDER 28 U.S.C §1332(a)

12.    Defendant may remove this matter pursuant to 28 U.S.C. §1332(a). Specifically, subject matter jurisdiction exists because none of the "parties in interest properly joined *and served*" is a citizen of New Jersey, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. §1441(b) (emphasis added).

13.    Although VWGoA is a New Jersey corporation, it has not been "served" with process.  *See Encompass, supra,* 902 F.3d at 152.

14.    While Plaintiff Gonzalez does not allege the purchase price of his 2015 Audi Q5 vehicle, VWGoA states that the average Manufacturers Suggested Retail Price (MSRP) for his model vehicle is approximately $47,000. In addition, Plaintiff alleges he spent $7,500 to repair his vehicle's engine (Gonzalez Complaint at ¶¶ 24, 129), and seeks myriad damages including disgorgement of profits, "full restitution," the cost of repair or replacement of the engine, alleged diminution in value of his vehicle, exemplary/punitive damages, treble damages under the NJCFA, other statutory damages, and recovery of attorneys' fees.  *Id*. at p. 86-88.

15.    While VWGoA respectfully maintains that it is not liable and that Plaintiff is not entitled to any recovery, based upon the claims and relief sought in the Complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs.  Moreover, when considering the demand for attorneys' fees and punitive

damages, and the claim for injunctive relief, the amount in controversy clearly exceeds the threshold for subject matter jurisdiction.  *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977) ("In an action seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Carevel, LLC v. Aspen Am. Ins. Co.*, 2014 U.S. Dist. LEXIS 65928, *10 (D.N.J. May 14, 2014) ("punitive damages and attorneys' fees are part of the amount in controversy").

## SUBJECT MATTER JURISDICTION ALSO EXISTS UNDER THE CLASS ACTION FAIRNESS ACT OF 2005, 28 U.S.C. § 1332(d)

16.     In any event, VWGoA may remove this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4, codified in relevant part at 28 U.S.C. §§1332(d) and 1453.  Subject matter jurisdiction exists under CAFA because: (a) at least one member of the potential class is a citizen of a different state than any defendant; (b) the proposed class exceeds one hundred members; and (c) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

### Minimal Diversity of Citizenship Exists

17.     Minimal diversity exists under CAFA where one or more class members (named or unnamed) is a citizen of a state different from any defendant. 28 U.S.C. §§1332(d)(1)(D) and 1332(d)(2)(A).

18.     Plaintiff Gonzalez claims to be a citizen of the state of New Jersey. Gonzalez Complaint ¶ at 19.

19.     While Defendant VWGoA is a New Jersey corporation, the other two primary Defendants, who are alleged to have designed, manufactured and sold the putative class vehicles, are citizens of Germany.  *See* Gonzalez Complaint at ¶¶ 33-35.

20.     Indeed, Defendant Audi AG is a German corporation having its principal place of business in Ingolstadt, Germany, and Defendant Volkswagen AG is a German corporation having its principal place of business in Wolfsburg, Germany.  *Id*. at ¶¶ 33-35.

21.     There is, thus, minimal diversity in this action.

22.     In addition, Plaintiff alleges a putative a class of "[a]ll individuals **in** New Jersey" who purchased or leased a class vehicle.  Gonzalez Complaint at ¶ 149 (emphasis added).  However, the wording of this class definition is not necessarily limited solely to "residents" or "citizens" of New Jersey, and could include any non-resident individuals who were "in" New Jersey and purchased a class vehicle. Therefore, minimal diversity exists for this reason as well.

<u>The Proposed Class Exceeds 100 Members</u>

23.   Under CAFA, federal courts have jurisdiction over proposed class actions that encompass at least one hundred putative class members. 28 U.S.C. §1332(d)(5)(B).

24.   Plaintiff alleges the putative class numbers "easily in the multiple thousands." Gonzalez Complaint at ¶ 151. Accordingly, this criterion is satisfied by the Complaint alone.

25.   In addition, VWGoA states that there were 50,949 model year 2012-2017 putative class vehicles sold or leased in New Jersey.

<u>The Amount in Controversy Exceeds $5,000,000</u>

26.   Based upon the allegations, claims and requests for relief in the Gonzalez Complaint, the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

27.   As explained above, the Gonzalez Complaint alleges that there are "multiple thousands" of class members in the putative class. And actually, 50,949 putative class vehicles were sold or leased in New Jersey. Plaintiff claims that all of the putative class vehicles contain the alleged "Piston Defect" which, he alleges, results in piston damage, excessive oil consumption, engine damage, and the need for repairs averaging $3,000 to $14,000 per vehicle. Gonzalez Complaint at ¶¶ 151-152. Plaintiff further alleges that he spent $7,500 to repair his vehicle and that he

would not have purchased his vehicle or paid less for it if he had known of the alleged defect (Gonzalez Complaint at ¶¶ 24, 129).   Plaintiff seeks myriad damages including the disgorgement of profits, "full restitution to Plaintiff and Class Members," the cost of repair or replacement of the putative class vehicles' engines, alleged diminution in value of the class vehicles, exemplary/punitive damages, treble damages under the NJCFA, other statutory damages, and recover of attorneys' fees. *Id*. at p. 86-88.

28.     Based upon the aforesaid claims, Plaintiff's allegation that there are "many thousands" of putative class members, and the fact that 50,949 putative class vehicles were sold or leased in New Jersey, the amount in controversy clearly exceeds the sum of $5,000,000, exclusive of interest and costs.[3]

29.     In fact, even using the lowest end of the purported $3,000 to $14,000 average range of repair costs for the putative class vehicles alleged by Plaintiff, the amount in controversy requirement is clearly met without regard to the other

---

[3]   In making its good faith calculations of the amount in controversy in this Notice of Removal, Defendant does not concede or admit the legal or factual merits of Plaintiff's liability and damages claims, including the validity of any amount or measure of damages/relief sought.  Likewise, Defendant does not concede or admit that this action satisfies the requirements for certification and maintenance of a class action under Fed. R. Civ. P. 23.  Defendant expressly reserves all substantive and procedural rights and defenses with respect to all claims asserted and relief sought in this action.

damages and relief alleged in the Complaint such full restitution, disgorgement of profits, exemplary/punitive damages, treble and other statutory damages, as well as the injunctive relief claim and the demand for attorneys' fees. *See* 28 U.S.C. §1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"); *Hunt, supra,* 432 U.S. at 347; *Carevel, supra,* 2014 U.S. Dist. LEXIS 65928 at *10.

30.    As the Supreme Court has held, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014); *see also Grace v. T.G.I. Fridays, Inc.*, 2015 U.S. Dist. LEXIS 97408, at *8-9 (D.N.J. July 27, 2015) ("the grounds for removal should be made in 'a short plain statement,' just as required of pleadings under Fed. R. Civ. P. 8(a)…No evidentiary support is required…").   This standard clearly has been satisfied here.

## PROCEDURAL MATTERS

31.    This Notice of Removal is being filed within thirty (30) days after Defendant VWGoA learned of the Complaint that was filed by Plaintiff on August 5, 2021 in the Superior Court of New Jersey, Mercer County, Law Division.

32.     This Notice of Removal is being filed in the District of New Jersey, the district court of the United States for the district and division within which the state court action is pending, as required by 28 U.S.C. §§1446(a) and 1441(a).

33.     Pursuant to 28 U.S.C. §1446(a), attached as Exhibit A is a copy of the Gonzalez Complaint.

34.     Promptly after filing this Notice of Removal, a copy of this Notice of Removal, along with the Notice of Filing of Notice of Removal, will be filed with the Clerk of the Superior Court of New Jersey, Mercer County, Law Division pursuant to 28 U.S.C. §1446(d).  A copy of both documents will also be served upon Plaintiff's counsel.  A copy of the Notice to the Clerk of the New Jersey Superior Court, Mercer County, Law Division, of the removal from state court, is attached as Exhibit C.

35.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. §1446(a).

**WHEREFORE,** Defendant respectfully requests that this action be duly removed from the Superior Court of New Jersey, Mercer County, Law Division, to this Court.

By: s/ *Homer B. Ramsey*
        Homer B. Ramsey, Esq.
        Michael B. Gallub, Esq. (*pro hac vice* to be filed)
        **HERZFELD & RUBIN, LLC**
        354 Eisenhower Parkway

Livingston, NJ  07039
T: (973) 535-8840
F: (973) 535-8841
hramsey@herzfeld-rubin.com
mgallub@herzfeld-rubin.com
*Attorneys for Defendant*
*Volkswagen Group of America, Inc.*

Dated: August 9, 2021